**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**George V. ASHERS, Jr., Defendant–**
**Appellant.**

**No. 90–5914.**

United States Court of Appeals,
Fourth Circuit.

Argued May 7, 1992.
Decided July 8, 1992.

Robert Nelson Pollard, III, Christian, Markham & Dolbeare, Richmond, Va., argued for defendant-appellant.

Leslie Bonner McClendon, Sp. Asst. U.S. Atty., Alexandria, Va., argued (Richard Cullen, U.S. Atty., William Graham Otis, Sr. Litigation Counsel, Debra S. Straus, Asst. U.S. Atty., on the brief) for plaintiff-appellee.

Before ERVIN, Chief Judge, WILKINS, Circuit Judge, and HOWARD, United States District Judge for the Eastern District of North Carolina, sitting by designation.

WILLIAM W. WILKINS, Jr., Circuit Judge:

George V. Ashers, Jr. was convicted of accepting a bribe while employed as a classification and parole specialist at the Lorton Reformatory. *See* 18 U.S.C.A. § 201(b)(2) (West Supp.1992). The district court enhanced Ashers' offense level for obstruction of justice, finding that he committed perjury during his trial testimony and that he intentionally disguised his voice when preparing a voice exemplar for examination by a defense expert. *See* United States Sentencing Commission, *Guidelines Manual,* § 3C1.1 (Nov.1990). Ashers argues on appeal that this enhancement was improper under the decision of this court in *United States v. Dunnigan,* 944 F.2d 178 (4th Cir.1991), *cert. granted,* — U.S. —, 112 S.Ct. 2272, 119 L.Ed.2d 199 (1992). Finding that the district court properly enhanced Ashers' offense level for obstruction of justice based on his falsification of the voice exemplar, we affirm.

## I.

The Government sought to prove that Ashers had accepted $1,600 in exchange for, among other things, bringing marijuana into the Lorton facility for distribution to an inmate. During the testimony of Kenneth Baez, a prisoner at Lorton and the principal witness against Ashers, the Government played an incriminating tape-recorded conversation between Baez and another individual whom Baez identified as Ashers. Baez testified that he had surreptitiously recorded this conversation under the supervision of officers of the Federal Bureau of Investigation.

Attempting to prove that this conversation was actually between Baez and another prison official, Ashers presented testimony from a voice identification expert. The expert testified that he had analyzed a voice exemplar prepared by Ashers and that, in his opinion, it was unlikely that the voice on the Government's tape was that of Ashers. Testifying in his own defense, Ashers denied that he had accepted the bribe and claimed that the voice recorded by Baez was not his, but in fact was the voice of one of his co-workers. The jury, nevertheless, convicted him.

The district court imposed a two-level enhancement to Ashers' offense level under U.S.S.G. § 3C1.1 on two bases. The court first found that Ashers had committed perjury during his trial testimony. It also found that Ashers had intentionally disguised his voice in preparing the voice exemplar for the obvious purpose of attempting to deceive the defense expert and ultimately the court. Accordingly, the court adjusted Ashers' offense level of 12, *see* U.S.S.G. § 2C1.1(a), (b)(1), by two levels for obstruction of justice, *see* U.S.S.G. § 3C1.1. Adjusted offense level 14, coupled with criminal history category I, resulted in a guideline range of 15–21 months. The district court sentenced Ashers to 18 months imprisonment, a sentence obviously within the applicable guideline range.

## II.

■ Relying on the decision of this court in *United States v. Dunnigan,* 944 F.2d 178, Ashers argues that the district court erred in enhancing his offense level for obstruction of justice pursuant to U.S.S.G.

§ 3C1.1.[1] In *Dunnigan,* this court held that applying an enhancement for obstruction of justice based on a defendant's perjury at trial impermissibly interfered with his right to testify on his own behalf. 944 F.2d at 182–85.[2] *Dunnigan* is the controlling law of this circuit, and hence binding on this panel. Thus, Ashers is correct that the district court erred in imposing the obstruction of justice enhancement on the basis of his perjured trial testimony.

### III.

■ The district court imposed the obstruction of justice enhancement on the alternative basis of Ashers' intentional falsification of the voice exemplar. Ashers does not maintain that the finding of the district court that he intentionally falsified the voice exemplar is clearly erroneous. Rather, he contends that even assuming this to be true, it could not justify the application of § 3C1.1. Therefore, the issue presented requires a de novo review of the scope of this guideline. *United States v. Saintil,* 910 F.2d 1231, 1232 (4th Cir. 1990).

Section 3C1.1 is intended to apply to defendants who engage " 'in conduct calculated to mislead or deceive authorities or those involved in a judicial proceeding,' " *United States v. Lange,* 918 F.2d 707, 709 (8th Cir.1990) (quoting U.S.S.G. § 3C1.1, comment. (Nov.1989)), and applies to a "wide range of conduct," *United States v. Hicks,* 948 F.2d 877, 883 (4th Cir.1991). The courts of appeals have applied this enhancement to a variety of misconduct including: fleeing from apprehension when combined with the endangerment of law enforcement officers or innocent bystanders, *id.* at 884; lying to a probation officer about the amount of attorney's fees paid, *id.* at 885–87; attempting to destroy evidence of the crime, *id.* at 884–85; providing a false name and age to obtain an unauthorized release on bond pending trial, *United States v. Romulus,* 949 F.2d 713, 717 (4th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1690, 118 L.Ed.2d 403 (1992); refusing to provide financial information to a probation officer, *United States v. Beard,* 913 F.2d 193, 199 (5th Cir.1990); attempting to bribe a witness, *United States v. Pierce,* 893 F.2d 669, 677 (5th Cir.1990); refusing to comply with a court order requiring defendant to provide a handwriting exemplar, *United States v. Reyes,* 908 F.2d 281, 290 (8th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1111, 113 L.Ed.2d 220 (1991); attempting to postpone trial by misrepresenting co-defendant's health and firing attorney prior to trial, *Morphew v. United States,* 909 F.2d 1143, 1145–46 (8th Cir.1990); requesting a co-defendant to withhold information from law enforcement officials, *United States v. Holland,* 884 F.2d 354, 359 (8th Cir.), *cert. denied,* 493 U.S. 997, 110 S.Ct. 552, 107 L.Ed.2d 549 (1989); and failure to appear at sentencing, *United States v. St. Julian,* 922 F.2d 563, 571 (10th Cir.1990).

The commentary to U.S.S.G. § 3C1.1 contains "a non-exhaustive list of examples of the types of conduct" encompassed by the guideline. U.S.S.G. § 3C1.1, comment. (n. 3). Included among these are unlawfully influencing the testimony of a witness and conduct made illegal by 18 U.S.C.A. §§ 1501–16 (West 1984 & Supp.1992). U.S.S.G. § 3C1.1, comment. (n. 3(a), (i)). Section 1512(b) prohibits one from knowingly inviting reliance on a false recording with the intent to influence a witnesses' trial testimony. *See* 18 U.S.C.A. §§ 1512(b), 1515(a)(3) (West Supp.1992). We conclude that Ashers' conduct in providing a falsified voice exemplar to an expert witness for the purpose of inducing him to testify that it was unlikely that it was Ashers' voice on an incriminating tape recording is encompassed within the obstruction of justice guideline.

---

**1.** Section 3C1.1 provides:
  If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels.

**2.** *Dunnigan* was decided after the district court sentenced Ashers.

## IV.

■ Having concluded that one of the bases upon which the district court imposed the obstruction of justice enhancement was proper, we must determine whether we may nevertheless affirm Ashers' sentence since the enhancement was alternatively based on perjured testimony, a factor *Dunnigan* found not to support the enhancement. If this court determines that a district court imposed a sentence "as a result of an incorrect application of the sentencing guidelines," remand to the lower court is required. 18 U.S.C.A. § 3742(f)(1) (West Supp.1992). Remand is not required, however, if the sentence did not "result" from the error. *See Williams v. United States,* — U.S. ——, 112 S.Ct. 1112, 1120, 117 L.Ed.2d 341 (1992).

The Government suggests that *Williams* controls and that we may properly affirm Ashers' sentence only if viewing the record as a whole we are convinced that the district court would have imposed the same sentence. We disagree. This standard from *Williams* is applicable to determining when a sentence based on a departure results from an incorrect application of the guidelines. Because the district court did not depart from the sentencing guidelines in imposing Ashers' sentence, we find the review analysis for departure sentences announced in *Williams* inapplicable.

In *Williams*, the Court was concerned with whether a departure sentence was imposed as a result of an incorrect application of the guidelines and, consequently, whether remand was required when an appellate court deemed invalid some, but not all, of the bases for the decision of the district court to depart from the applicable guideline range. It determined that an appellate court may properly conclude that a departure sentence is not the result of an inaccurate application of the guidelines if, viewing the record as a whole, it finds that the district court would have imposed the same sentence notwithstanding its reliance on an improper factor(s). *Id.* 112 S.Ct. at 1120.

However, departures from the applicable guideline range, at issue in *Williams*, and enhancements to the offense level resulting in a guideline sentence, at issue here, are fundamentally different under guidelines jurisprudence. Even if the district court identifies a circumstance justifying departure, the decision to depart is discretionary. *See* U.S.S.G. § 5K2.0, p.s. On the other hand, application of an enhancement to the offense level is mandatory, as opposed to discretionary, in the event the defendant engaged in conduct that is encompassed by a guideline providing for an enhancement. *See* U.S.S.G. Ch. 3, Pts. A–C, E.[3]

The analysis established in *Williams* to assist the reviewing court in deciding whether a departure sentence is the result of an incorrect application of the guidelines is used to determine whether a sentencing court would have exercised its discretion in the same way had it recognized that a portion of its reasoning was faulty. It is not applicable, however, when an appellate court is called upon to review a district court decision to apply an enhancement to the offense level on alternative grounds. The district court must adjust a defendant's offense level by the prescribed number of levels when the defendant's conduct is encompassed within the particular guideline, and any conduct that independently and properly should result in an increase in the offense level therefore justifies its application.

"When a district court has not intended to depart from the Guidelines, a sentence is imposed 'as a result of' an incorrect application of the Guidelines when the error results in the district court selecting a sentence from the wrong guideline range." *Williams,* 112 S.Ct. at 1120 (quoting 18 U.S.C.A. § 3742(f)(1)). Although one basis for the application of an enhancement is found to have been erroneous, if the enhancement was applied properly on an alternative basis, the resulting adjusted offense level is correctly determined and a sentence imposed within the corresponding range is unexceptionable. Thus, having determined that the enhancement was applied

---

**3.** This reasoning is equally applicable to mitigating adjustments.

properly on the basis of Ashers' falsification of the voice exemplar, his sentence was not the result of an inaccurate application of the sentencing guidelines. *Cf. Hicks*, 948 F.2d at 887 (enhancement for obstruction of justice would be affirmed on any supporting ground).

AFFIRMED.