977 F.2d 574
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Mavis J. ELLIOTT, Defendant-Appellant.
 No. 91-5622.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 25, 1992
Decided: October 20, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore.
 Fred Warren Bennett, Federal Public Defender, Denise Benvenga, Assistant Public Defender, Baltimore, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, Maury S. Epner, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before HAMILTON, LUTTIG, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Mavis Elliott was convicted by a jury of two counts of falsely representing herself as an employee of the United States Customs Service (18 U.S.C. § 912 (1988)). Each count was tried separately at her request. She appeals her convictions and sentence on the grounds that the district court erred in admitting evidence of other bad acts in her trial on Count One, in giving an adjustment for obstruction of justice under guideline section 3C1.1,* and in refusing to group both counts in a single group under guideline section 3D1.2. We affirm.
 
 
 2
 On March 4, 1989, arriving at Baltimore-Washington Airport from Trinidad with two of her four children, Elliott presented the passport of her daughter, Laura Joseph, to be stamped. She said Laura was with her, but Laura could not be located. Elliott was referred to a secondary checkpoint. She then produced a Customs Service identification card and said she was a Customs Service employee. In fact, she had ceased secretarial work for the Customs Service in December 1988 and had failed to turn in her card. This incident was the basis for the charge in Count One.
 
 
 3
 On May 21, 1989, Elliott entered a restricted area of BaltimoreWashington Airport. When stopped by a Customs Inspector, she told him she was a Customs Service employee and worked at"headquarters." She showed him her Customs Service identification card and gave the same story to his supervisor, who confiscated the card. The next day, she phoned him several times insisting that she worked for Customs and that the card should be returned to her. This incident was the basis for the charge in Count Two.
 
 
 4
 At the trial of the March 4, 1989, incident the government also introduced evidence over defense objection showing that on March 7, 1989, Elliott had gone to the Immigration and Naturalization Service (INS) office in Baltimore and presented two applications for permanent residence (green card) for two of her children. She had the children's passports with her and neither had been stamped to show legal entry into the United States. One of them was Laura Joseph's passport. Elliott told the INS official that both children had been with her at the airport when she entered but that she had been given a hard time and she did not know why the passports were not stamped.
 
 
 5
 After her convictions, Elliott was given a mental evaluation because she provided inconsistent information during preparation of her presentence report. She was also evaluated separately during the same period in connection with an unrelated conviction. Both reports stated that there was no conclusive evidence of mental illness, but that Elliott seemed to be pretending to be mentally disturbed, at times by acting as though she had multiple personalities. Just before her sentencing, Elliott claimed to be pregnant as a result of forced sex with a jail guard. She filed suit in an attempt to obtain an abortion, and her attorney suggested in his objections to the presentence report that this circumstance might be a basis for a downward departure. Eventually, a blood test showed that Elliott was not pregnant.
 
 
 6
 In this appeal, Elliott claims error first in the admission of evidence that she lied to the INS official on March 7 in her trial on Count One. She argues that the evidence was not relevant and was unfairly prejudicial even if relevant. We find that the district court did not abuse its discretion in admitting this evidence, because it illustrated Elliott's motive for attempting to have Laura Joseph's passport stamped when she entered the country even though Laura was not present, which in turn generated her attempt to ward off trouble arising from the incident by representing herself as a Customs employee.
 
 
 7
 Next, Elliott contends that her sentence must be vacated because the district court found that she had obstructed justice by testifying untruthfully at trial. In United States v. Dunnigan, 944 F.2d 178 (4th Cir. 1991), cert. granted, 60 U.S.L.W. 3798 (U.S. 1992), we held that an adjustment for obstruction of justice may not be based on the defendant's untruthful trial testimony. However, in giving the adjustment the district court relied on two factors, her untruthful trial testimony and her later conduct which "indicated untruthfully circumstances which would attempt to alleviate the consequences of her actions." Section 3C1.1 prescribes the adjustment for conduct which attempts to obstruct or impede the administration of justice during sentencing for the offense, and includes providing materially false information to a probation officer or the court. Adjustments are mandatory and the use of an adjustment is a correct application of the guidelines if any factor validly supports it. United States v. Ashers, 968 F.2d 411 (4th Cir. 1992). The district court determined that Elliott had lied repeatedly following her conviction in an attempt to lessen her punishment. Because this finding is not clearly erroneous and validly supports the adjustment, Elliott's sentence will not be vacated under Dunnigan even though the court also relied on her trial testimony in giving the adjustment. See Ashers, 968 F.2d at 414.
 
 
 8
 Finally, Elliott argues that both counts of conviction should have been placed in one group under guideline section 3D1.2(b). That section provides that counts involving the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan should be grouped in a single group. She contends that on March 4 and on May 21 her common criminal objective was to represent herself as a Customs employee. While this is true, her motive for doing so on March 4 is obvious, but her reason for doing it again on May 21 is not. There is no apparent connection to the events in March. The district court determined that the two offenses were not part of a single plan, and this finding is not clearly erroneous.
 
 
 9
 We therefore affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1990)