**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.                                                                         No. 94-5919

FRANK ALEXIS ROBINSON,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
John A. MacKenzie, Senior District Judge.
(CR-94-34-NN)

Argued: June 7, 1995

Decided: May 23, 1996

Before WIDENER and LUTTIG, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion. Judge
Widener wrote a dissenting opinion.

_____

**COUNSEL**

**ARGUED:** James Ashford Metcalfe, Senior Litigation Coun-
sel/Assistant United States Attorney, Norfolk, Virginia, for Appellant.
Robert A. Dybing, SHUFORD, RUBIN & GIBNEY, Richmond, Vir-
ginia, for Appellee. **ON BRIEF:** Helen F. Fahey, United States Attor-
ney, Norfolk, Virginia, for Appellant. James S. Ellenson, Newport
News, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury convicted Frank Alexis Robinson of one count of conspiracy to file false claims for federal income tax refunds, 18 U.S.C. § 286, and three counts of filing false claims, 18 U.S.C. § 287. At the sentencing hearing, the district court denied the government's recommendations for an increase of the offense level for more than minimal planning and an upward adjustment for obstruction of justice. We vacate the court's judgment with respect to the sentence imposed and remand for further proceedings.

I

Robinson's Presentence Investigation Report (PSI) recommended that his base offense level be increased for more than minimal planning pursuant to U.S.S.G. § 2F1.1(b)(2)(A). The PSI also recommended that his sentence be adjusted upward for obstruction of justice pursuant to U.S.S.G. § 3C1.1.

Prior to sentencing, Robinson objected to the recommended enhancement for obstruction of justice. He did not object to the recommended increase of his offense level for more than minimal planning.

The district court denied the enhancement for obstruction of justice without making any relevant findings. The court also denied the increase for more than minimal planning. The government appeals, alleging that the court applied the Sentencing Guidelines incorrectly.

II

At the time of sentencing, Fed. R. Crim. P. 32(c)(3)(D) (now Rule 32(c)(1)) provided that if a defendant alleges

any factual inaccuracy in the presentence investigation report . . . , the court shall, as to each matter controverted, make (i) a finding as to the allegation or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing.

Under both the old rule and the revised rule, the district court has the discretion either to make a finding resolving the factual dispute or to determine that the dispute will have no effect on sentencing. But this discretion is limited.

The governing statute, the Sentencing Guidelines, and circuit precedent require a court to impose a sentence within a specified range unless valid reasons for departure exist. 18 U.S.C.§ 3553(b); see U.S.S.G. § 1B1.1. To calculate the defendant's offense level and the appropriate sentencing range under 18 U.S.C. § 3553(a), a court must determine "the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(4)(A). The final offense level is determined in part by specific offense characteristics, such as more than minimal planning, which are outlined in the Guidelines. The final offense level is also determined in part by the applicable adjustments. See U.S.S.G. § 1B1.1(c). An adjustment is mandatory if the facts before the court satisfy the Guideline criteria. United States v. Ashers, 968 F.2d 411, 414 (4th Cir. 1992). Proper application of mandatory adjustments and offense characteristics are essential steps in calculating an appropriate sentencing range.

If the facts in the PSI pertaining to an adjustment, an increase, or other sentencing recommendations are controverted, Rule 32 requires the court to make findings of fact resolving the dispute. A court has the discretion not to resolve a contested fact only if that fact is irrelevant to sentencing or capable of being disregarded by the court. An example of this second category is a situation where a court would properly impose the same sentence regardless of the resolution of the dispute. But a court must resolve all factual disputes that are critical to the sentencing determination, including facts that would support a mandatory adjustment. Otherwise, a court would be able to avoid the mandatory nature of the Guidelines by employing discretion to dis-

3

count relevant facts. This would eviscerate the Guidelines' core purpose of promoting uniformity in sentencing.

The district court previously tried a number of Robinson's co-conspirators, and it expressed the view that Robinson's punishment should be the same as theirs. It is for this reason that it declined to impose the additional punishment on Robinson that the government sought.

Prior to the legislation creating the United States Sentencing Guidelines and the promulgation of the Guidelines themselves, the district court's decision to treat all the defendants who were involved in this conspiracy the same would have been acceptable. The practice, however, of a district court's well-nigh unlimited discretion in sentencing, subject only to the statutory maximum, led to great discrepancies in the sentences imposed by district courts throughout the country. While some judges might agree that the sentence imposed by the district court in this case was fair and adequate, other judges might impose a much more severe punishment for the same conduct. In too many instances the punishment imposed on a defendant depended on the happenstance of which judge decided his case. It was to remove such discrepancies that Congress directed that sentences be imposed in accordance with the Guidelines. The district court's attempt to equalize the punishment of all defendants who participated in this particular scheme of tax fraud must give way to the broader concept of equality mandated by Congress and the Guidelines that takes into consideration not only the seriousness of the offense but the proven, relevant characteristics of each defendant.

Robinson did not object to the two-level increase for more than minimal planning. If the uncontroverted facts support a two-level increase under U.S.S.G. § 2F1.1(b)(2)(A), the court should increase Robinson's offense level accordingly.

The district court should also have resolved the disputed facts relating to the PSI's reference to an obstruction-of-justice adjustment. After Robinson objected to the government's recommendation, the court was required to resolve the factual dispute by making appropriate findings of fact under Rule 32 to determine whether Robinson had

4

engaged in the obstruction-of-justice conduct outlined in U.S.S.G. § 3C1.1.

We remand for findings on the controverted obstruction-of-justice facts. If the facts support the obstruction-of-justice adjustment, the district court must enhance the sentence by two levels. <u>See</u> U.S.S.G. § 3C1.1. If the uncontroverted facts justify the increase for more than minimal planning, the district court must also apply this two-level increase on remand. <u>See</u> U.S.S.G. § 2F1.1(b)(2)(A).

<u>VACATED AND REMANDED</u>

WIDENER, Circuit Judge, dissents.

5