**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                      No. 96-4048

EDWARD LEE MATHIS,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of North Carolina, at Bryson City.
Richard L. Voorhees, Chief District Judge.
(CR-94-10)

Submitted: December 30, 1996

Decided: January 15, 1997

Before WILKINSON, Chief Judge, and HAMILTON and
WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael L. Corrado, Chapel Hill, North Carolina, for Appellant. Mark
T. Calloway, United States Attorney, William Boyum, Assistant
United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Edward Lee Mathis was convicted by a jury of threatening to assault a federal official with the intent of retaliating against him on account of his performance of his official duties. 18 U.S.C.A. § 115(a)(1)(B) (West Supp. 1996). He appeals his 18-month sentence, arguing that the district court erred in finding that certain false statements he made at trial and to his attorney before trial were material to the issue of guilt and in making an adjustment for obstruction of justice. United States Sentencing Commission, Guidelines Manual § 3C1.1 (Nov. 1995). We affirm.

Mathis was convicted in 1989 of stealing a truckload of storm doors and aiding and abetting the sale of the doors. Before Mathis was released from prison to begin his term of supervised release, he submitted a plan to live with his girlfriend. Probation Officer Michael Bracey rejected the plan. Mathis resided with his mother after his release. In 1993, during a routine visit by Probation Officer Scott Aldridge, Mathis said that when he got off supervised release he intended to "knock the hell out of Mike Bracey" because he had not liked Bracey's attitude during the pre-release investigation.

Mathis was subsequently charged with threatening Bracey. At trial, Mathis denied making the threat. He also testified that he had been working undercover for the Federal Bureau of Investigation (FBI) when he stole the truck for which he was previously prosecuted, as well as other trucks. He said that the FBI had promised him a probationary sentence, but that former FBI agent June Rogers did not give him the help he expected because she was jealous of his girlfriend. Mathis said he and Rogers had spent many nights together in motels. While cross-examining Probation Officer Aldridge, Mathis' lawyer asked whether he had sold a gun to Wayne Smith, a convicted felon. Aldridge said he had not.

At Mathis' sentencing hearing, former agent Rogers testified that she had worked with Mathis for two years while investigating pirated cassette tapes, but had never stayed in a motel with him. She said he did not steal any vehicles under her direction and had not been prom-

2

ised a sentence of probation for his prior offense. With regard to the suggestion that Probation Officer Aldridge had sold a gun to a felon, the government attorney proffered that Mathis' lawyer asked the question of Aldridge because Mathis told him it had happened. The district court ultimately found that Mathis had knowingly given false material testimony.

Only Mathis' sworn statements about Rogers could provide a basis for the adjustment because his false statement to his attorney about Aldridge did not obstruct his prosecution and is not similar to any of the examples of obstructive conduct listed in the commentary to USSG § 3C1.1. However, an adjustment is correctly made if any factor validly supports it. United States v. Ashers , 968 F.2d 411, 414 (4th Cir.), cert. denied, 506 U.S. 1027 (1992). An adjustment for obstruction of justice based on the defendant's perjured testimony at trial may be given if the sentencing court finds that the defendant willfully gave false testimony on a material matter. United States v. Dunnigan, 507 U.S. 87, 94-95 (1993). Except where it is an element of the offense, materiality is a legal issue. United States v. Littleton, 76 F.3d 614, 617-18 (4th Cir. 1996). Therefore, the court's finding here is reviewed de novo. False testimony is material if it has a tendency to influence, or is capable of influencing, the jury's decision. Id. at 618 (citing Kungys v. United States, 485 U.S. 759, 770 (1988)).

Mathis argues that his false testimony could not have influenced the outcome of the trial because it had no bearing on the issue of whether he threatened Bracey. He argues that, had the jury believed his false testimony about Rogers and acquitted him out of sympathy, the result would have been jury nullification but not obstruction of justice.

However, Mathis' defense at trial was to claim that Probation Officer Aldridge lied when he said that Mathis threatened Bracey. Mathis' testimony that then-FBI Agent Rogers had also lied to him and permitted his wrongful conviction on the underlying offense can be seen as part of a strategy to discredit Aldridge. If the jurors believed that Rogers lied to Mathis and allowed him to go to prison for an offense he did not commit, they would be more likely to believe that Aldridge was attempting the same thing. Viewed in this light, his false testimony about Rogers was material.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4