UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4148

MARK ANTHONY WALTERS,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
James A. Beaty, Jr., District Judge.
(CR-95-193)

Submitted: October 20, 1997

Decided: October 31, 1997

Before MURNAGHAN and ERVIN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William E. Martin, Federal Public Defender, Eric D. Placke, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Clifton T. Barrett,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mark Walters appeals from his convictions of thirteen firearms offenses for which he was sentenced to a total of 96 months imprisonment. Walters claims that the district court erred in admitting evidence of firearms transactions other than those charged in the indictment and that he was improperly given an adjustment for obstruction of justice, see U.S. Sentencing Guidelines Manual § 3C1.1 (1995). We affirm.

The Bureau of Alcohol, Tobacco and Firearms began an investigation in the fall of 1994 at the request of the police department in Winston-Salem, North Carolina, after a large number of semi-automatic handguns were recovered with obliterated serial numbers. Laboratory testing of three such firearms revealed that each had been purchased from RSR Wholesale by Walters, who was a federally-licensed firearms dealer. The same tests were conducted on two additional sets of firearms (one set of seven and one set of five) and again revealed that they had been purchased by Walters from RSR Wholesale. Records from RSR Wholesale established that, between June 6, 1994, and March 13, 1995, Walters, doing business as "Marksman," purchased 291 semi-automatic handguns from RSR Wholesale.

Walters was indicted on thirteen counts of federal firearms violations. Walters pleaded guilty to Count One, which charged him with violating 18 U.S.C. §§ 922(m), 924(a)(3) (1994), for failing to maintain records of receipts, sales, and dispositions of 291 listed firearms, and not guilty on the remaining twelve counts. The indictment also charged Walters with possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k), 924(a)(1)(B) (1994) (Counts Two, Three, Four, and Five); sale of a firearm to a person under age twenty-one, in violation of 18 U.S.C. §§ 922(b)(1), 924(a)(1)(D) (1994) (Count Six); sale of a firearm to an individual in

2

violation of state law, in violation of 18 U.S.C. §§ 922(b)(2), 924(a)(1)(D) (1994) (Counts Seven and Eight); failure to record a sale of a firearm in violation of 18 U.S.C. §§ 922(b)(5), 924(a)(1)(D) (1994). Counts Nine, Ten and Eleven charged Walters with selling a Lorcin .380 semi-automatic pistol and failing to (1) obtain the buyer's name, age, and place of residence (18 U.S.C. §§ 922(b)(5), 924(a)(1)(D) (Count Nine); (2) obtain a Firearms Transactions Record (Form 4473) (18 U.S.C. §§ 922(m), 924(a)(3) (1994) (Count Ten); and (3) obtain from the buyer a statement as required by 18 U.S.C. § 922(s) (1994) (Count Eleven). Count Twelve charged Walters with selling a Jennings 9 mm semi-automatic handgun without receiving from the buyer a statement as required by 18 U.S.C.§ 922(s). Finally, in Count Thirteen, Walters was charged with violating § 922(s) in connection with the sale of another Lorcin .380 semi-automatic pistol. All of these counts related to the sale of firearms to four individuals.[1] At Walters' trial, the government introduced evidence of thirteen other guns sold by Walters where the serial number had been obliterated. All thirteen were listed in Count One of the indictment.

Walters first claims that this was evidence of "other crimes" which was inadmissible under Fed. R. Evid. 404(b).[2] This court reviews the district court's evidentiary rulings for abuse of discretion. See United States v. Clark, 986 F.2d 65, 68 (4th Cir. 1993). "Evidence of uncharged conduct is not considered `other crimes' evidence if it arose out of the same . . . series of transactions as the charged offense, . . . or if it is necessary to complete the story of the crime [on] trial." United States v. Kennedy, 32 F.3d 876, 885 (4th Cir. 1994). See also United States v. Mark, 943 F.2d 444, 448 (4th Cir. 1991) (evidence

_____

[1] Counts Two, Seven, Nine, Ten, and Eleven arose out of the sale of a handgun to Kenneth Bernard Cook. Counts Three and Twelve relate to the sale of several firearms to Alvin Lamont Boston. Counts Five, Eight, and Thirteen relate to the sale of a firearm to Theodore Frazier. Counts Four and Six relate to the sale of a firearm to Andre Damorris Kennedy.
[2] Rule 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

of uncharged criminal conduct is admissible where it furnishes "part of the context of the crime."). Rule 404(b) is one of inclusion, rather than exclusion, permitting introduction of all evidence except that which proves only criminal disposition. Id. We find the evidence concerning the firearms other than those listed in the indictment was admissible under Rule 404(b) because the evidence arose out of the same series of events as the charged offenses and was necessary to "complete the story" at Walters' trial. Therefore, the district court did not abuse its discretion in admitting the evidence.

Next, Walters claims that the enhancement he received for obstruction of justice was factually unsupported. The guidelines provide for a two-level enhancement for obstruction of justice where "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." USSG § 3C1.1. The enhancement is intended to apply to defendants "who engage in conduct calculated to mislead or deceive authorities or those involved in a judicial proceeding . . . and applies to a wide range of conduct." United States v. Ashers, 968 F.2d 411, 413 (4th Cir. 1992).

The district court properly determined that Walters obstructed justice based on his false statements to police that his wife had thrown twelve firearms into a local lake and by claiming to have thrown the remainder into a landfill. Based on Walters' statements, Winston-Salem police devoted a significant number of man hours to searching the lake where Walters claimed to have thrown the weapons. See USSG § 3C1.1, comment. n.3(g) (conduct to which enhancement applies includes "providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense.").

Accordingly, we affirm Walters' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED