UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4090

ALEXANDER MARTINEZ,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-95-568)

Submitted: September 28, 1999

Decided: November 9, 1999

Before WIDENER, WILLIAMS, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Neil M. Schuster, Miami Beach, Florida, for Appellant. J. Rene Josey,
United States Attorney, Miller W. Shealy, Jr., Assistant United States
Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Alexander Martinez appeals the 108-month sentence he received after he pled guilty to conspiracy to possess with intent to distribute and distribute cocaine. See 21 U.S.C.A.§ 846 (West Supp. 1999). He disputes the district court's finding that he had an aggravating role in the offense, which resulted in a two-level adjustment under U.S. Sentencing Guidelines Manual § 3B1.1(c) (1995).* Alternatively, he contends that the district court departed upward without giving him adequate notice. We affirm.

Martinez agreed to buy forty kilograms of cocaine from a drug task force undercover agent and a Colombian informant, and suggested that he take delivery in Charleston, South Carolina, where he had a customer. Martinez and co-defendant Oliver Landaetta arrived in Charleston a few days later and were met at the airport by co-defendant Wendell Green. Martinez then called the informant and asked for more time to collect the money he needed. Later that day he and Landaetta came to the motel where the deal was to take place for further negotiations. The agent and the informant agreed to wait a bit longer. The next day, Martinez came to the motel alone with $66,000 in two plastic bags. Landaetta and another man (presumably Green) were to bring the rest of the money shortly. Martinez was then arrested. Landaetta and Green, who were driving around in the vicinity of the motel, were apprehended after a high-speed chase. Green had $17,350 in a plastic bag.

Martinez contends that the district court either clearly erred by bas-

---

*Martinez was sentenced in 1996. No appeal was noted. In 1998, he moved to vacate his sentence pursuant to 28 U.S.C.A.§ 2255 (West Supp. 1999), alleging that he had asked his attorney to appeal. At an evidentiary hearing, the government stipulated that§ 2255 relief was appropriate to allow Martinez to appeal the role adjustment. Martinez agreed to forego a criminal history issue and any further claims against his attorney. The district court then re-entered the judgment, see United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993), and Martinez filed this timely appeal.

2

ing the adjustment on a finding that he managed "the property, assets, or activities" of the conspiracy, or departed without giving him proper notice. See United States v. Withers, 100 F.3d 1142, 1147 (4th Cir. 1996) (standard of review); U.S.S.G. § 3B1.1, comment. (n.2) (defendant must exercise authority over another participant to qualify for the adjustment, but departure may be warranted for defendant who has management responsibility for property, assets, or activities of criminal organization).

The district court mentioned, in making its finding, that the evidence showed that Martinez exercised management responsibility over the property, assets, and activities of the conspirators and, were this all it found, the adjustment would be improper. However, the court also found that Martinez conducted all the negotiations in Florida, suggested Charleston as the place where the sale should take place because he had a contact there, and took the lead in negotiations even when Landaetta was present. Based on these findings, which were supported by the evidence, the adjustment was not clearly erroneous. Because adjustments are mandatory if supported by the evidence, use of an adjustment is correct if any factor validly supports it. See United States v. Ashers, 968 F.2d 411, 414 (4th Cir. 1992). Therefore, the district court did not err in making the adjustment. The second issue Martinez raises is without merit; because the district court did not depart, advance notice of a possible departure was not necessary.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3