**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4807

LENELL WALKER,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Aiken.
Joseph F. Anderson, Jr., District Judge;
Charles E. Simons, Jr., Senior District Judge.
(CR-98-658-CES)

Submitted: May 31, 2000

Decided: June 20, 2000

Before MICHAEL and MOTZ, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jonathan Matthew Harvey, Columbia, South Carolina, for Appellant.
J. Rene Josey, United States Attorney, Nancy C. Wicker, Assistant
United States Attorney, Ann Agnew Cupp, Columbia, South Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lenell Walker pled guilty to conspiracy to possess cocaine base (crack) with intent to distribute, see 21 U.S.C. § 846 (1994), and received a sentence of 120 months imprisonment, the statutory minimum sentence. Walker appeals his sentence, arguing that the district court erred in finding that he was not eligible for a sentence below the mandatory minimum pursuant to the safety valve provision. See U.S. Sentencing Guidelines Manual § 5C1.2 (1998). We affirm.

In June and July of 1998, a confidential informant made controlled purchases of crack from Lenell Walker. On August 3, 1998, accompanied by an undercover agent of the Drug Enforcement Administration, the informant again attempted to buy crack from Walker, who told the informant to come back in thirty minutes. When the informant and the agent returned, Walker was not at his home. As they drove away, Walker, who was with three other men, flagged them down. Walker then asked the informant to go behind two abandoned mobile homes, where he began to yell at the informant for setting him up. He punched the informant in the face three times. The agent got out of the car and was surrounded by the three men with Walker. The agent then drew his gun and identified himself as a police officer. Walker and the three men fled, but the agent captured Walker. A small straight-edge razor blade was found in Walker's pocket. Walker subsequently cooperated with authorities.

The probation officer initially recommended that Walker met the criteria for a sentence below the 120-month mandatory minimum under USSG § 5C1.2, and for a related two-level reduction under USSG § 2D1.1(b)(6), but later revised the presentence report to recommend that Walker's assault on the informant constituted obstruction of justice and prevented him from meeting the criteria for a sentence under the safety valve. The second requirement under

2

§ 5C1.2 is that "the defendant did not use violence . . . or possess a firearm or other dangerous weapon . . . in connection with the offense." USSG § 5C1.2(2). At the sentencing hearing, the district court rejected the government's suggestion that Walker's conduct was an obstruction of justice, but decided that Walker had used violence against the informant and possessed a dangerous weapon in connection with the offense,[1] and thus did not qualify for any benefit under the safety valve provisions. The district court's factual findings as to whether a defendant meets the requirements for a sentence under § 5C1.2 should be affirmed unless clearly erroneous. See United States v. Wilson, 114 F.3d 429, 431 (4th Cir. 1997).

On appeal, Walker contends that he did not use violence or possess the weapon "in connection with the offense." He first argues that the conspiracy had ended when he attacked the informant. However, the indictment charged a conspiracy that continued from March 1997 to August 18, 1998. The conduct in question occurred on August 3, 1998, during the conspiracy.

Walker next argues that possession of a razor should not preclude application of the safety valve because razors are not recognized as tools of the drug trade. We disagree. Section 5C1.2 does not distinguish between firearms and other dangerous weapons. Application Note 2 to § 5C1.2 incorporates the definition of "dangerous weapon" set out in Application Note 1(d) to § 1B1.1, i.e., "an instrument capable of inflicting death or serious bodily injury." A razor meets this definition.[2]

_____

[1] The defendant bears the burden of showing that he has met all five criteria set out in § 5C1.2. See United States v. Wilson, 114 F.3d 429, 432 (4th Cir. 1997). At Walker's sentencing, the district court stated that it was unsure who had the burden of proof concerning the safety valve, then suggested that "we ought to consider it is the government's burden . . . to show what happened and how it should be dealt with under the guidelines." However, the district court addressed only Walker's attorney concerning whether the safety valve provision should apply. Walker thus had ample opportunity to meet his burden of proof.

[2] Because Walker possessed the razor during the conspiracy, his base offense level should have been enhanced by two levels under USSG § 2D1.1(b)(1). See United States v. Harris , 128 F.3d 850, 852 (4th Cir.

Walker correctly points out that § 5C1.2 requires that the weapon be possessed "in connection with the offense," rather than simply possessed during the offense, and the district court did not identify any circumstance permitting the inference that Walker possessed the razor in connection with the offense other than the fact that he possessed it during the conspiracy. See Wilson, 114 F.3d at 432 (district court found circumstantial evidence that possession was in connection with conspiracy). Nevertheless, the district court's conclusion that § 5C1.2 did not apply can be easily affirmed based on Walker's assault on the informant. Walker argues that it was a "spontaneous display of anger," not an attempt to dissuade the informant from testifying against him, and thus did not further the conspiracy. Nonetheless, Walker's anger at the discovery that he was dealing with an informant and his retaliation against the informant was connected to his drug offense. Therefore, the district court did not clearly err in finding that Walker had not met the requirements for application of § 5C1.2.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

1997) (proximity of weapons and drugs is sufficient). The enhancement would have raised his offense level from 29 to 31, given him a guideline range of 120-135 months, and mooted his claim that § 5C1.2 should apply. Although the government has not objected to the omission of the enhancement, we note that where the defendant has engaged in conduct for which an enhancement is provided under the applicable guideline, such enhancements and adjustments are mandatory. See United States v. Ashers, 968 F.2d 411, 414 (4th Cir. 1992).

4