UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                            No. 02-4754

MICHAEL PAUL JACKSON,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CR-01-78)

Submitted: February 26, 2003

Decided: March 31, 2003

Before MICHAEL, MOTZ, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Peter Curcio, BRESSLER, CURCIO & STOUT, P.C., Bristol, Virginia, for Appellant. John L. Brownlee, United States Attorney, Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael Paul Jackson pled guilty to three counts of wire fraud, 18 U.S.C. § 1343 (2000), three counts of mail fraud, 18 U.S.C. § 1341 (2000), three counts of bank fraud, 18 U.S.C. § 1344 (2000), and one count of money laundering, 18 U.S.C. § 1957 (2000). The district court imposed a sentence of sixty months for each count of wire fraud and mail fraud, and seventy-one months for the bank fraud and money laundering counts, all to run concurrently. Jackson appeals his sentence, contending that the district court erred in determining the amount of loss and in denying him an adjustment for acceptance of responsibility. *U.S. Sentencing Guidelines Manual* §§ 2S1.1, 3E1.1 (2001). We affirm.

Jackson defrauded numerous victims by posting computers and other items for sale on internet auction sites without any intention or means of delivering the products. When federal and state investigators first questioned him in September 2001, Jackson told them he was working with distributors for a number of companies. In the following two months, the investigators attempted to follow this false lead while Jackson continued to defraud additional victims. Jackson was later indicted for fraud alleged to have been carried out between November 1999 and November 2001 and pled guilty to all charges without a plea agreement.

The presentence report listed over 100 victims who had been defrauded by Jackson for a total of $105,965.07. However, at the sentencing hearing, the probation officer testified that he had not included any victims defrauded in 1997 or 1998 in his calculation of the loss. Jackson also testified and, under questioning by the government, said that he had begun defrauding victims through internet auctions as early as 1997. He estimated that he had acquired at least $10,000 in this manner in 1997 and more than $20,000 in 1998.

The government attorney further asked Jackson about a letter he wrote while in jail, in which he seemed to be asking a friend to help him set up a drug sale. Jackson admitted that he wrote the letter, but said he never mailed it. He denied that it concerned drug activity.

The district court determined that Jackson had obstructed justice by lying to investigators in his first interview and committing perjury at the sentencing hearing when he testified about the letter that concerned apparent drug trafficking. The court found no unusual factors present that would make Jackson's case an extraordinary one where an acceptance of responsibility adjustment might be made even though he had obstructed justice. *See* USSG § 3E1.1, comment. (n.4). Therefore, the district court declined to make an acceptance of responsibility adjustment. The district court also decided that the government had proved through Jackson's testimony that the loss exceeded $120,000.

On appeal, Jackson first contests the finding of loss. Determination of loss in a fraud offense is often a factual question reviewed for clear error, but if the facts are undisputed, the issue is a legal one reviewed de novo. *United States v. Butner*, 277 F.3d 481, 488 (4th Cir.), *cert. denied*, 122 S. Ct. 2610 (2002). Jackson suggests that his testimony concerning his activity in 1997 and 1998 was unreliable because he was under great pressure by the government when he gave it. However, the district court, as factfinder, was in the best position to determine the credibility of Jackson's testimony. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998) (appeals court does not assess credibility of witnesses in reviewing sufficiency of evidence).

Jackson also argues that the district court erred in adding his estimated earnings of $10,000 for 1997 and $20,000 for 1998 to the $105,965 loss calculated by the probation officer from information received from victims because the presentence report did not state in what year each victim suffered the loss. He is correct that the presentence report does not state for each individual when the fraud occurred. However, the probation officer testified at the sentencing hearing that his calculation of $105,965 aggregate loss for the listed victims did not include any losses to victims in 1997 or 1998. Therefore, we conclude that the district court did not err in adding Jackson's estimate of the amount of loss from 1997 and 1998 to the known loss from subsequent years, and did not clearly err in finding as a fact that the total loss exceeded $120,000.

Jackson next disputes the district court's decision to deny him an adjustment for acceptance of responsibility. Our review is for clear

error. *United States v. Pauley*, 289 F.3d 254, 261 (4th Cir. 2002). Application Note 4 to § 3E1.1 provides that conduct resulting in an enhancement for obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." An exception is made for "extraordinary cases."

Jackson does not contest the district court's ruling that he obstructed justice by giving misleading information to investigators when he was first interviewed, but he argues that his is an extraordinary case where both § 3C1.1 and § 3E1.1 may apply because the court erred in finding that he gave perjured testimony at the sentencing hearing. Because adjustments such as the obstruction of justice enhancement are mandatory, an adjustment must be made if any factor validly supports it. *United States v. Ashers*, 968 F.2d 411, 414 (4th Cir. 1992). Jackson concedes the validity of one factor relied on by the district court to find obstruction of justice. Therefore, the validity of the other is not an issue. Jackson has failed to identify any extraordinary circumstances that would warrant a finding that the district court clearly erred in refusing to make an adjustment for acceptance of responsibility.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*