**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

No. 02-4107

GALEN CHRISTOPHER PENDERGRASS,
*Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Catherine C. Blake, District Judge.
(CR-01-147-CCB)

Submitted: May 21, 2003

Decided: May 30, 2003

Before WIDENER, WILLIAMS, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Neil I. Jacobs, NEIL I. JACOBS LAW OFFICES, Rockville, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Jacabed Rodriguez-Coss, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Galen Pendergrass appeals his conviction and 84-month custodial sentence following a jury trial on charges of being a felon in possession of a firearm and ammunition. *See* 18 U.S.C. § 922(g) (2000). Pendergrass argues his conviction is tainted by the district court's allegedly improper decision to admit both evidence seized from his home and statements he made while in custody, and that the sentencing court erred in calculating his sentence. For the following reasons, we affirm.*

First, we find no error in the denial of Pendergrass's motion to suppress statements he made while in custody. This Court reviews whether a defendant's statements were involuntary or obtained in violation of *Miranda* de novo, but must accept the district court's factual findings on the circumstances surrounding the confession absent clear error. *United States v. Braxton*, 112 F.3d 777, 781 (4th Cir. 1997) (en banc). Pendergrass offers no basis beyond his own testimony to question the investigating officers' version of events, which clearly indicated that Pendergrass was properly informed of his rights, assented to the interrogation, and voluntarily reinitiated the questioning after fainting briefly.

Second, Pendergrass fails to demonstrate that a challenge to the validity of the search warrant that led to the discovery of ammunition among his possessions would be meritorious. In order to be entitled to a hearing under *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978), a predicate to the claim he seeks to raise, Pendergrass must make a "substantial preliminary showing" that police misstated the facts upon which the warrant was based. Because Pendergrass offers only conclusory assertions that he could have received such a hearing, this assignment of error is meritless.

Third, we find no error in the sentencing court's finding that Pendergrass had a prior conviction for a crime of violence sufficient

---

*We deny Pendergrass's motion to file a pro se supplemental brief.

to support a base offense level of twenty in accordance with *U.S. Sentencing Guidelines Manual* § 2K2.1(a)(4) (2002). Pendergrass argues the sentencing court erred in holding that resisting arrest under Maryland law falls within the federal definition of a crime of violence. Because resisting arrest under Maryland law involves "the use, attempted use, or threatened use of physical force," USSG §§ 2K2.1, comment. (n.5), 4B1.2(a),we find this assignment of error to be meritless.

Finally, we find no error in the sentencing court's application of a two-point offense level enhancement for obstruction of justice in accordance with USSG § 3C1.1 (2002). Two witnesses testified at trial that Pendergrass attempted to persuade one of them to tell investigating officers that the firearm in question actually belonged to her. Because the district court's credibility determination is not clearly erroneous, and that testimony demonstrated by a preponderance of the evidence that Pendergrass "engage[d] in conduct calculated to mislead or deceive authorities," *United States v. Ashers*, 968 F.2d 411, 413 (4th Cir. 1992) (internal quotations omitted), we find no error in the calculation of Pendergrass's sentence.

Accordingly, we affirm Pendergrass's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*