**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4010**

---

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

JASON HAGOOD,

                                    Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., District Judge.  (CR-01-828)

---

Submitted:  June 19, 2003            Decided:  June 24, 2003

---

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Margaret A. Chamberlain, CHAMBERLAIN LAW FIRM, Greenville, South Carolina, for Appellant.  J. Strom Thurmond, Jr., United States Attorney, Regan A. Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jason Hagood pled guilty to conspiracy to possess with intent to distribute fifty grams or more of cocaine base (crack) and less than 500 grams of cocaine in violation of 21 U.S.C. § 846 (2000). He was sentenced to a term of 324 months imprisonment. Hagood challenges the district court's decision to give him an adjustment for being an organizer or leader of the conspiracy when similarly situated co-defendants did not receive such an adjustment. U.S. Sentencing Guidelines Manual § 3B1.1(a) (2002). We affirm.

The district court determined that Hagood was an organizer or leader based on information in the presentence report that described Hagood as one of a few conspirators who were involved in the conspiracy early, received cocaine from the leader, Robert Barnes, processed the cocaine into crack, and distributed it through runners. Hagood also recruited at least one person into the conspiracy. Hagood did not dispute this information, but argued that he should not receive the adjustment because certain co-defendants who were portrayed in the presentence report as being at the same level as he within the conspiracy did not receive an adjustment for having an aggravated role. In his view, the court's decision ignored the goal of uniformity in sentencing.

An adjustment is mandatory if a factor validly supports it. United States v. Ashers, 968 F.2d 411, 414 (4th Cir. 1992). The information before the court amply supported the leader adjustment

2

in Hagood's case.  Assuming, arguendo, that a co-defendant should have, but did not, receive the same adjustment, Hagood may not challenge his sentence on that ground.  The guidelines mandate that adjustments be based on the defendant's conduct, not on the sentence imposed in another case.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3