**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
 *Plaintiff-Appellee,*

v.         No. 03-4006

DERWIN COLES, a/k/a Woods,
 *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-01-254)

Submitted: June 30, 2003

Decided: July 31, 2003

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jacqueline A. Hallinan, HALLINAN LAW OFFICE, Charleston,
West Virginia, for Appellant. Kasey Warner, United States Attorney,
Travis N. Gery, Assistant United States Attorney, Charleston, West
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Derwin Coles appeals from the judgment of the district court sentencing him to 248 months imprisonment following his convictions for conspiracy to distribute cocaine base; aiding and abetting the distribution of cocaine base; and aiding and abetting the possession of firearms in the furtherance of a drug conspiracy, in violation of 18 U.S.C. §§ 2, 924(c) (2000) & 21 U.S.C. §§ 841, 846 (2000). Coles asserts that the district court erred in excluding certain evidence, denying his motion for new trial, and determining his offense level under the sentencing guidelines. We affirm.

Coles first claims that the district court erred in excluding the transcript of a co-defendant's plea colloquy. At trial, Coles offered the transcript as prior sworn testimony under Fed. R. Evid. 804(b)(1). Former testimony is admissible in a proceeding if the declarant is unavailable, and the party against whom it is offered has had the opportunity to subject the testimony to meaningful cross-examination. *See* Fed. R. Evid. 804(b)(1). In this instance, the proffered testimony related to the factual basis in support of a guilty plea at a hearing conducted pursuant to Fed. R. Crim. P. 11, and there is no evidence that the Government was given the opportunity to subject the testimony to cross-examination. Absent this opportunity, the district court did not abuse its discretion in excluding the transcript.\**See United States v. Young*, 248 F.3d 260, 266 (4th Cir.), *cert. denied*, 533 U.S. 961 (2001) (stating standard of review).

Coles next claims that the district court erred in denying his motion for a new trial on the basis that the Government exercised undue influence over co-defendant Melissa Ross. A defendant's due process right to present witnesses necessary to his defense may be violated if

---

\*We note that Coles also suggests the transcript was admissible as a statement against interest pursuant to Fed. R. Evid. 804(b)(3). Because the evidence was not offered under this exception to the hearsay rule at trial, we review this claim for plain error, and we find none. *See United States v. Olano*, 507 U.S. 725, 732-34 (1993) (holding that error not preserved at trial is reviewed using plain error analysis).

2

Government intimidation of a witness amounts to "substantial government interference with a defense witness' free and unhampered choice to testify." *United States v. Saunders*, 943 F.2d 388, 392 (4th Cir. 1991) (citation and internal quotation omitted); *see also United States v. MacCloskey*, 682 F.2d 468, 479 (4th Cir. 1982). We have reviewed the relevant portions of the record, including the parties' descriptions of the events, and conclude that the Government's actions did not amount to the exercise of undue influence in violation of the Due Process Clause. Accordingly, we deny this claim.

Coles also claims that the testimony of John Montgomery and William Morris was inherently unreliable and suggests that the district court erred in denying him a new trial. "The jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994). Moreover, Coles does not direct this court to a single piece of controverted evidence. Instead he simply claims that the testimony of the witnesses was "obviously false." Such an unsupported claim is not actionable on appeal.

Coles next asserts that the district court erred to the extent that it considered the testimony of Lori Corns in calculating Coles' base offense level. The district court attributed 4.5 grams of 148.541 grams of relevant conduct to the testimony presented by Corns. Even if Coles could demonstrate that attribution of the 4.5 grams of relevant conduct was error, he can show no prejudice. The base offense level used by the district court was thirty-two, encompassing a range of relevant conduct from fifty to 150 grams of cocaine base. *See U.S. Sentencing Guidelines Manual* § 2D1.1(c) (2002). As a consequence, if the 4.5 grams was deducted from the relevant conduct attributable to Coles, he still would fall well within offense level thirty-two, and any potential error would be harmless. *See* Fed. R. Crim. P. 52(a); *United States v. Ashers*, 968 F.2d 411, 414 (4th Cir. 1992). We deny this claim.

Coles next claims that the district court erred in applying a four-level enhancement based on his leadership role in a criminal activity involving five or more persons. *See* USSG § 3B1.1(a). Cole asserts it was improper for the district court to rely on the existence of a fifth co-conspirator that it was unable to identify. We have reviewed the

3

district court's finding in regard to the existence of a fifth participant in the narcotics distribution scheme and find it to be entirely reasonable. Moreover, Coles points to no authority requiring the identification of each of the five members of the criminal activity as noted within the sentencing guidelines. Accordingly, we find that the district court did not clearly err in applying the enhancement. *See United States v. Carter*, 300 F.3d 415, 426 (4th Cir.) (stating standard of review), *cert. denied*, 123 S. Ct. 614 (2002).

Coles asserts that the Government failed to demonstrate his involvement as a leader of the criminal enterprise. We disagree. Several witnesses testified as to Coles' role as the leader of the enterprise. Coles purchased cocaine base in large quantities and distributed it repeatedly through Melissa Ross and her brother, Eric Ross. In light of this evidence, we cannot conclude that the district court clearly erred in its application of the enhancement. *See id.*

We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

4