UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                    No. 01-4979

TIMOTHY GADSON, a/k/a Sweet Pea,
            *Defendant-Appellant.*

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                    No. 01-4983

DARRON OWENS, a/k/a Dee,
            *Defendant-Appellant.*

Appeals from the United States District Court
for the District of South Carolina, at Orangeburg.
Cameron M. Currie, District Judge.
(CR-01-84)

Argued: June 6, 2003

Decided: July 21, 2003

Before WILKINS, Chief Judge, TRAXLER, Circuit Judge,
and Henry E. HUDSON, United States District Judge for the
Eastern District of Virginia, sitting by designation.

─────────────────────

Affirmed by unpublished opinion. Judge Hudson wrote the opinion,
in which Chief Judge Wilkins and Judge Traxler joined.

─────────────────────

**COUNSEL**

**ARGUED:** Richard Dwight Biggs, LAW OFFICE OF MARCIA G. SHEIN, P.C., Decatur, Georgia, for Appellant Gadson; Cameron Bruce Littlejohn, Jr., Columbia, South Carolina, for Appellant Owens. Mark C. Moore, Assistant United States Attorney, Columbia, South Carolina, for Appellee. **ON BRIEF:** Marcia G. Shein, LAW OFFICE OF MARCIA G. SHEIN, P.C., Decatur, Georgia, for Appellant Gadson. J. Strom Thurmond, Jr., United States Attorney, Stacey D. Haynes, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

HUDSON, District Judge:

Following a trial by jury, Timothy Gadson ("Gadson") and Darron Owens ("Owens") were convicted of conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base and five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), (b)(1)(A)(iii), and 846. Owens was also convicted of possessing a firearm after having been convicted of a crime punishable by more than one year imprisonment, in violation of 18 U.S.C. §§ 922(g) and 924(a). Gadson was sentenced to life imprisonment. Owens was sentenced to concurrent terms of life and ten years imprisonment. The appellants raise numerous issues attacking their convictions and sentences. Finding no reversible error, we affirm.

I.

The evidence at trial disclosed that Gadson and Owens were prominent members of a drug distribution syndicate operating in Orange-

burg, South Carolina. The Government presented further evidence that indicated that Gadson was the leader in the organizational hierarchy and that Owens was his direct subordinate. Organization insiders testified that substantial quantities of powder cocaine were transported from Miami, Florida, Houston, Texas, and other source cities, to Orangeburg for processing into cocaine base and ultimately for street sales. Gadson employed a number of street level dealers who marketed his product in the Orangeburg area. In order to provide legal cover for their operation, Gadson and Owens operated a car wash, which also served as a drug distribution point.

## II.

Initially, appellants challenge the sufficiency of the evidence as to the conspiracy count. This Court reviews *de novo* the district court's decision to deny a motion for judgment of acquittal. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). To determine whether there was sufficient evidence, we consider whether the evidence, viewed in the light most favorable to the Government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. *Id.; see United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc).

In large part, the Government based its case on the testimony of cooperating co-conspirators or other associates of the drug organization. The appellants contend that because the evidence consisted principally of unreliable, uncorroborated testimony of drug dealers, it was insufficient to show their knowing participation in the charged conspiracy. We will not review witness creditability. *E.g., Burgos*, 94 F.3d at 863. Furthermore, the uncorroborated testimony of a witness or accomplice may be sufficient to support a conviction. *See United States v. Wilson*, 115 F.3d 1185, 1190 (4th Cir. 1997). We therefore reject this claim.

Pointing to what he perceives to be a material variance in the trial testimony, Gadson claims the evidence, if believed, established the existence of multiple, separate conspiracies, rather than one single conspiracy. The Government bears the burden of proving the single conspiracy charged in the indictment. *United States v. Hines*, 717 F.2d 1481, 1489 (4th Cir. 1983). If the evidence shows multiple con-

spiracies, reversal is only required if Gadson's substantial rights have been prejudiced. *Id.*

"A single conspiracy exists where there is 'one overall agreement' or 'one general business venture.'" *United States v. Leavis*, 853 F.2d 215, 218 (4th Cir. 1988) (citations omitted). Critical to the analysis is the overlap of key actors, as well as methods and goals of the conspiracy. *See id.; United States v. Crockett*, 813 F.2d 1310, 1316-17 (4th Cir. 1987). "If the conspiracy 'had the same objective, it had the same goal, the same nature, the same geographic spread, the same results, and the same product,' it can be a single conspiracy if it involved multiple transactions." *United States v. Haley*, No. 02-4855, slip op. at 7 (4th Cir. May 23, 2003) (quoting *Crockett*, 813 F.2d at 1317)). We find the evidence presented at trial sufficient to allow the jury to have found that the appellants participated in a single conspiracy.

### III.

The appellants next challenge the district court's determination that evidence of a confidential informant's murder was admissible at trial. The Government's evidence revealed that Gadson ordered Owens to kill Maurice Lott ("Lott") after Lott provided information to law enforcement that led to the seizure of a drug shipment. The district court found evidence of Lott's murder was admissible because it was an overt act in furtherance of the drug conspiracy undertaken in retribution for Lott's cooperation with the authorities. Decisions regarding the admission of evidence are reviewed for abuse of discretion. *See United States v. Lancaster*, 96 F.3d 734, 744 (4th Cir. 1996) (en banc).

In arguing that evidence of Lott's murder should have been excluded, Gadson relies principally on Federal Rules of Evidence 401 and 403. Gadson argues that the evidence was not relevant to any fact of consequence in the trial and that it was more prejudicial than probative. When testimony is admitted as to acts intrinsic to the charged offense, and not admitted only to demonstrate bad character, it is ordinarily admissible. *United States v. Chin*, 83 F.3d 83, 88 (4th Cir. 1996).

The evidence revealed that the murder of Lott was an integral part of the conspiracy, committed to facilitate its operation and prevent its disruption by law enforcement. We find the evidence of Lott's murder was properly admitted as an intrinsic act, inextricably intertwined with proof of the conspiracy itself. Furthermore, we find that its probative value was not substantially outweighed by its prejudice. *See United States v. Lipford*, 203 F.3d 259, 268-69 (4th Cir. 2000). Further, we reject Gadson's contention that the district court abused its discretion by denying his motion for severance because of the prejudice stemming from the evidence of the murder. *See United States v. Tipton*, 90 F.3d 861, 892-93 (4th Cir. 1994).

### IV.

The appellants raise a number of additional issues concerning the district court's application of the Sentencing Guidelines. We review their arguments in turn.

### A.

Appellants contest the district court's four level enhancement of their sentences for their role in the offense under United States Sentencing Commission, Guidelines Manual, § 3B1.1 (Nov. 2002) ("U.S.S.G."). Both of the appellants received a four level enhancement, which is appropriate when a defendant is an organizer or leader of a criminal activity involving five or more participants. U.S.S.G. § 3B1.1(a). A district court's determination of the defendant's role in the offense is reviewed for clear error. *United States v. Withers*, 100 F.3d 1142, 1147 (4th Cir. 1996). Both Appellants' arguments distill to a challenge of the creditability of the witnesses.

### 1.

Despite overwhelming evidence to the contrary, Gadson argues that there was insufficient evidence that he directed or supervised any member of the conspiracy or was the organizer or leader of the alleged operation. The evidence adduced by the Government clearly demonstrated that Gadson organized the shipments of cocaine into Orangeburg, South Carolina from other source cities, oversaw its con-

version into cocaine base for street sales, prepared it for distribution, and directed the marketing activities of others. The evidence was more than sufficient to justify the four level enhancement. *See United States v. Bartley*, 230 F.3d 667, 673 (4th Cir. 2000). It also appeared that Maurice Lott was murdered by Owens at the behest of Gadson.

2.

The assessment of the four point enhancement to Owens' sentence is a closer issue. Owens was described as Gadson's second in command. The organization that Gadson headed had multiple layers of participants. Anthony Teagle ("Teagle") testified that he worked for Owens and Gadson at the car wash, sold crack cocaine when asked to do so, and held guns for Owens. Owens argues that the evidence taken in the light most favorable to the Government shows only that Owens was a street dealer who sold small quantities to users and other dealers. We disagree and find that the trial court's determination of Owens' role in the offense was not clearly erroneous.

It is important to note that even if Owens did not merit an enhancement for his role in the offense, his offense level without the enhancement nevertheless exceeded the maximum level of forty-three (43), which corresponds to a life sentence. Accordingly, any conceivable error in this respect was harmless. *See* 18 U.S.C. § 3742(f)(1)(2000); *United States v. Ashers*, 968 F.2d 411, 414 (4th Cir. 1992). Consequently, we reject this claim.

B.

Gadson next challenges the district court's application of the murder cross-reference. Under U.S.S.G. § 2D1.1(d)(1): "If a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 had such killing taken place within the territorial or maritime jurisdiction of the United States, apply § 2A1.1 (First Degree Murder)." A district court's findings of fact supporting this enhancement are reviewed for clear error. *See United States v. Crump*, 120 F.3d 462, 468 (4th Cir. 1997). If the district court's findings of fact "may rationally be said to be supported by a preponderance of the evidence, they may not be disturbed on appeal." *Id.*

The district court, which had the benefit of presiding over two hearings concerning evidence of Lott's murder as well as the eight day trial, heard all the evidence and concluded that Gadson ordered Owens to murder Lott. Witnesses testified to comments made to Gadson, or in his presence, which supported the court's finding of Gadson's complicity in Lott's murder. Moreover, the district court's specific finding that Gadson ordered the murder was sufficient to show premeditation. We therefore find that the district court properly applied the murder cross-reference and that the district court's finding that Gadson ordered the murder of Lott was not clearly erroneous.

### C.

The appellants next argue that the imposition of an obstruction of justice enhancement for killing a confidential informant (Lott) constituted impermissible double counting because the district court also applied the murder cross-reference under U.S.S.G. § 2D1.1(d)(1) for the killing of Lott. Double counting is permissible when not expressly prohibited under the Guidelines. *United States v. Crawford*, 18 F.3d 1173, 1179 (4th Cir. 1994). Neither U.S.S.G. § 2D1.1(d) nor U.S.S.G. § 3C1.1 expressly prohibits double counting under the circumstances of this case. Consequently, we find no error in the district court's assessment of the enhancement.

### D.

Gadson finds fault with the trial court's computation of the amount of drugs attributed to him. He argues that the quantity gives rise to a base offense level of no higher than thirty-six (36). Although Gadson's offense level was based upon the murder cross-reference, he was assigned a base offense level of thirty-eight (38) under U.S.S.G. § 2D1.1 based on drug quantity. A court's determination of drug quantity is reviewed for clear error. *United States v. Lopez*, 219 F.3d 343, 348 (4th Cir. 2000). The trial court maintained meticulous notes during the testimony as to the quantities of the controlled substances mentioned and attributed to each of the defendants. We have reviewed the testimony and find the witnesses testified to amounts of crack cocaine far exceeding that needed for a base level of thirty-eight (38). Consequently, the district court did not clearly err.

## E.

Gadson also challenges the district court's finding that he qualifies for career offender status under U.S.S.G. § 4B1.1. Gadson did not raise this issue at sentencing before the trial court. Therefore, we review for plain error. *See United States v. Cannady*, 283 F.3d 641, 647 n.5 (4th Cir. 2002). To find plain error 1) there must be an error; 2) the error must be plain; and 3) the error must affect substantial rights. *United States v. Olano*, 507 U.S. 725, 732-37 (1993). If these three elements are met, the Court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 732 (citation omitted).

Gadson's base offense level, irrespective of the career offender provision, was forty-three (43). A level forty-three (43) correlates to a life sentence regardless of a defendant's criminal history category. Therefore, even if Gadson was improperly sentenced as a career offender, we conclude his substantial rights were not affected.

## F.

Lastly, Gadson filed a motion for leave to file a pro se supplemental brief regarding his claim that counsel provided ineffective assistance due to a conflict of interest. Claims of ineffective assistance of counsel are generally not considered on direct appeal unless the record conclusively shows that counsel was ineffective. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). This is not such a case. To allow for adequate development of the record, this claim should be brought in a 28 U.S.C. § 2255 motion. *See id.; United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). We therefore deny Gadson's motion for leave to file a pro se brief.

## V.

For the foregoing reasons, we affirm Gadson's and Owens' convictions and sentences.

*AFFIRMED*