

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-26-1998

# United States v. Williamson

Precedential or Non-Precedential:

Docket 97-3692

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

Recommended Citation

"United States v. Williamson" (1998). *1998 Decisions.* Paper 206.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/206

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed August 26, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 97-3692

UNITED STATES OF AMERICA

v.

STEPHEN A. WILLIAMSON,
        Appellant

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Crim. No. 97-00077)

Submitted Under Third Circuit Rule 34.1(a)
July 16, 1998

Before: BECKER, Chief Judge, and STAPLETON and
WEIS, Circuit Judges

(Opinion Filed: August 26, 1998)

        LINDA L. KELLY, ESQUIRE
         United States Attorney
        BONNIE R. SCHLUETER, ESQUIRE
         Assistant U.S. Attorney
        MARY BETH BUCHANAN, ESQUIRE
         Assistant U.S. Attorney
        Office of United States Attorney
        633 United States Post Office
         & Courthouse
        Pittsburgh, PA 15219

         Attorneys for Appellee

SHELLEY STARK, ESQUIRE
 Federal Public Defender
KAREN S. GERLACH, ESQUIRE
Office of Federal Public Defender
960 Penn Avenue
415 Convention Tower
Pittsburgh, PA 15222

 Attorney for Appellant

OPINION OF THE COURT

BECKER, Chief Circuit Judge.

This sentencing appeal presents the narrow issue
whether the two-level upward adjustment for obstruction of
justice under United States Sentencing Guideline S 3C1.1 is
mandatory once the sentencing court has determined that
the factual predicates for the enhancement have been met.
The appellant, Stephen A. Williamson, contends that it is
not. We hold, however, consistent with all the other circuits
that have previously interpreted this Guideline, that it is.
Accordingly the district court's judgment imposing sentence
on Williamson will be affirmed.

I. BACKGROUND

The narrow scope of Williamson's appeal renders the
facts underlying his conviction and sentencing largely
tangential to our decision, hence we need only outline
them. Williamson was convicted of bank robbery following
a jury trial and was thereafter sentenced to sixty-three
months imprisonment to be followed by a three-year term
of supervised release. In calculating the applicable
Sentencing Guideline range, the district court determined
that Williamson had perjured himself at trial -- afinding
which the district court believed rendered the imposition of
a two-point offense level enhancement for obstruction of
justice mandatory. On appeal, Williamson challenges this
aspect of his sentence. Notably, however, he does not argue
that the district court erred in determining that he
committed perjury at his trial or that his perjurious

2

testimony did not amount to an attempt to obstruct justice within the applicable guideline provision. Rather, Williamson appeals solely upon the narrow ground that the district court erroneously believed that it was required to apply the obstruction of justice enhancement once it determined on the facts that Williamson had committed perjury.[1]

II. DISCUSSION

Section 3C1.1 of the Sentencing Guidelines provides:

> If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels.

U.S.S.G. S 3C1.1. Williamson argues that the failure of this Guideline to include words such as "must" or "shall" renders it ambiguous as to whether the increase in offense level must automatically follow a determination that the defendant has engaged in qualifying conduct. This ambiguity, he contends, requires application of the rule of lenity and thus the resolution of all doubts regarding the Guideline's construction in his favor. We disagree, finding nothing ambiguous about U.S.S.G. S 3C1.1. Rather, the logical structure of the Guideline ("if A, then B") clearly commands that a definite result –– a two level increase in offense level –– must follow the occurrence of a stated conditional event –– a finding that the defendant willfully, obstructed . . . the administration of justice. This reading is supported by the language of a recent Supreme Court opinion and is shared by every circuit court of appeals that has addressed the issue.

_____

1. The district court had jurisdiction over this criminal matter under 18 U.S.C. S 3231. We exercise jurisdiction over the appeal under 28 U.S.C. S 1291 and 18 U.S.C. S 3742. Our review of the district court's construction and interpretation of U.S.S.G. S 3C1.1, or any sentencing guideline, is plenary. See United States v. Powell, 113 F.3d 464, 467 (3d Cir.), cert. denied, ___ U.S. #6D6D 6D#, 118 S. Ct. 454 (1997).

In United States v. Dunnigan, 507 U.S. 87, 113 S. Ct. 1111 (1993), the Supreme Court held that a defendant's due process rights are not violated when a district court enhances a defendant's sentence under U.S.S.G. S 3C1.1 based on a finding that the defendant committed perjury (as opposed to other forms of obstruction of justice) at trial. While the question whether such an enhancement, if permissible, was mandatory or discretionary was not directly before the Court, its opinion concluded by noting that "[u]pon a proper determination that the accused has committed perjury at trial, an enhancement of sentence is required by the Sentencing Guidelines." 507 U.S. at 98, 113 S. Ct. at 1119 (emphasis added). In accord with this language, the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth circuits have all held that the obstruction of justice enhancement is mandatory once the sentencing court has determined that the factual predicates for the enhancement have been met. See United States v. Tracy, 36 F.3d 199, 201 (1st Cir. 1994) ("the obstruction of justice enhancement is mandatory under U.S.S.G. S 3C1.1 where the defendant willfully obstructed or attempted to obstruct the administration of justice during the prosecution of the case"); United States v. Hernandez, 83 F.3d 582, 585 (2d Cir. 1996) ("Once a court finds that obstruction of justice took place, however, the two-level enhancement is mandatory"); United States v. Ashers, 968 F.2d 411, 414 (4th Cir. 1992) (noting, in the context of obstruction of justice enhancement, that "application of an enhancement to the offense level is mandatory, as opposed to discretionary, in the event the defendant engaged in conduct that is encompassed by a guideline providing for an enhancement"); United States v. Velgar-Vivero, 8 F.3d 236, 242 (5th Cir. 1993) ("The increase is not discretionary. If the court finds the defendant obstructed justice, it must impose the two point increase"); United States v. Medina, 992 F.2d 573, 591 (6th Cir. 1993) (discussing obstruction of justice enhancement and noting that "as we have explained previously, once a sentencing court makes a factual finding as to the applicability of a particular adjustment provision, the court has no discretion, but must increase the offense level by the amount called for in the applicable provision") (internal quotation marks and citations omitted); United States v. Zaragoza, 123 F.3d 472, 485 (7th Cir. 1997) ("as the plain language of the Guideline reflects, the obstruction enhancement is mandated where

the defendant has engaged in qualifying conduct"); Hall v. United States, 46 F.3d 855, 859 (8th Cir. 1995) ("If Hall threatened the witness, the district court had no choice but to impose the sentence enhancement that the Guidelines mandate"); United States v. Ancheta, 38 F.3d 1114, 1118 (9th Cir. 1994) (quoting language of S 3C1.1 and concluding "[t]his language is mandatory, not discretionary").

We join in this broad consensus interpreting the plain language of section 3C1.1, and accordingly hold that the two-level enhancement is mandatory once a district court determines that a defendant has obstructed justice.

The judgment of the district court will be affirmed.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit