**UNITED STATES of America,**
**Appellant**

v.

**Salvatore DiAMBROSIO.**

No. 05–3317.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 24, 2007.

Filed: Oct. 24, 2007.

---

760

Joel D. Goldstein, Office of United States Attorney, Philadelphia, PA, for Appellant.

Christopher D. Warren, Philadelphia, PA, for Salvatore DiAmbrosio.

Before: McKEE, BARRY and FISHER, Circuit Judges.

McKEE, Circuit Judge.

The government appeals the sentence that was imposed after the defendant was convicted of charges arising from a fraudulent stock trading scheme. For the reasons that follow, we will vacate the sentence and remand for further proceedings consistent with this opinion.

## I.

Because we write primarily for the parties, we need not recite the facts or procedural background of this case except insofar as may be helpful to our brief discussion. DiAmbrosio was charged with ten counts of wire fraud arising from his execution of unauthorized and bogus stock trades in violation of 18 U.S.C. § 1343. At trial, DiAmbrosio testified in his own defense and claimed that all the trades he made were authorized and legitimate. The jury rejected that explanation and convicted him on all counts.

During the sentencing hearing that followed, the court stated that DiAmbrosio's total offense level was twenty-one. The court arrived at that figure after refusing to apply the two-level adjustment for his role in the offense as recommended in the Presentence Investigation Report ("PSR") pursuant to U.S.S.G. § 3B1.3.[1] Based upon a criminal history category of "I" and a total offense level of twenty-one, the district court determined the guidelines range for DiAmbrosio's sentence to be thirty-seven to forty-six months. The court imposed a sentence of five years probation with one year of home confinement.

The PSR also recommended a two-level adjustment for obstruction of justice be-

---

1. The government does not challenge the district court's rejection of the recommended two-level adjustment for abuse of trust or use of a special skill, thus we will not address that issue.

cause DiAmbrosio apparently committed perjury when he testified in his own defense at trial. DiAmbrosio did not object to that enhancement during the sentencing hearing. When asked if he had objections to the PSR, DiAmbrosio said he had "no additions, modifications, objections, or corrections of any type to the [PSR]" except for his objection to its recommendation for a two-level adjustment for abuse of trust or use of a special skill. App. 1079.

Nonetheless, the sentencing court, *sua sponte,* asserted that the recommended adjustment for obstruction of justice was "fundamentally unfair." *Id.* The sentencing judge also stated that § 3C1.1 was "wrong" and "unconstitutional." *Id.* at 1081. Furthermore, the judge explained that "in my calculations of the guidelines that are going to be advisory to me, I am not going to include that enhancement." *Id.* at 1084–85.

## II.

The government argues the district court erred in failing to apply the two-level adjustment for obstruction of justice based upon the court's personal view that: (1) § 3C1.1 is unconstitutional; and (2) that application of the enhancement is discretionary in an advisory sentencing regime.

In *United States v. Dunnigan,* 507 U.S. 87, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993), the Supreme Court rejected the contention that § 3C1.1 was "unconstitutional on the simple basis that it distorts [a defendant's] decision whether to testify or remain silent." *Id.* at 96, 113 S.Ct. 1111. The Court explained that its precedents "do not impose a categorical ban on every governmental action affecting the strategic decisions of an accused, including decisions whether or not to exercise constitutional rights." *Id.*

The Court recognized that "not every accused who testifies at trial and is con-

victed will incur an enhanced sentence under § 3C1.1 for committing perjury." *Id.* at 95, 113 S.Ct. 1111. In some circumstances, for example where the defendant testifies inaccurately due to "confusion, mistake, or faulty memory" or testifies truthfully "to matters such as lack of capacity, insanity, duress, or self-defense" and the jury finds the defendant guilty nonetheless, application of the adjustment for obstruction of justice is unwarranted. *Id.* Thus, the *Dunnigan* Court prescribed that district courts "review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice" when a defendant "objects to a sentence enhancement resulting from her trial testimony...." *Id.*

We expounded upon the Court's reasoning in *Dunnigan* in *United States v. Williamson,* 154 F.3d 504 (3d Cir.1998), where the defendant argued that the district court erred in concluding that it was required to apply the obstruction-of-justice enhancement. There, we explained that "upon a proper determination that the accused has committed perjury at trial, an enhancement of sentence is *required* by the Sentencing Guidelines." *Id.* at 505 (citation and quotation omitted) (emphasis in original).

As noted above, DiAmbrosio did not object to the obstruction-of-justice enhancement. Rather, the district court refused to apply the adjustment *sua sponte,* in part, based on its concern that § 3C1.1 is unconstitutional. We are not unsympathetic to the concerns the district court voiced about enhancing a sentence for obstruction of justice based upon a defendant's testimony even though the government rarely sees fit to charge a defendant with perjury or obstruction of justice. Nevertheless, the Supreme Court allayed any constitutional concerns surrounding

§ 3C1.1 in *Dunnigan.* Moreover, we have explained that sentencing courts are not free to ignore enhancements under the Guidelines even though the Guidelines are now advisory.

In *United States v. Gunter,* 462 F.3d 237 (3d Cir.2006), we interpreted *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), as requiring sentencing courts to follow a three-step process when imposing a sentence. In the first step, "Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before *Booker.*" *Id.* at 247. It is therefore clear that the district court erred in calculating the advisory range under the Guidelines by refusing to impose an enhancement specifically required by the Guidelines. Moreover, since DiAmbrosio failed to object to the PSR's recommendation of the enhancement, the trial court was not obligated to review the evidence and make independent findings to establish DiAmbrosio's obstruction of justice. The fact that DiAmbrosio did not object is sufficient by itself to establish that his testimony satisfies § 3C1.1 at the first step of *Gunter.*

The fact that *Booker* rendered the Guidelines advisory has no impact whatsoever on the sentencing court's responsibility to accurately calculate the guidelines sentence. *See Gunter,* 462 F.3d at 247; *United States v. Cooper,* 437 F.3d 324, 330 (3d Cir.2006) ("In consideration of the § 3553(a) factors, a trial court must calculate the correct guidelines range applicable to a defendant's particular circumstances."). Thus, having failed to apply the two-level obstruction-of-justice enhancement when calculating DiAmbrosio's guidelines sentence, as it was required to do even after *Booker,* the trial court here

failed to discharge its duty at step one of *Gunter.*[2]

## II.

The government also contends that the sentence imposed by the district court was unreasonable in imposing a sentence of probation. However, because we have determined that the trial court erred in calculating DiAmbrosio's guidelines sentence and will remand for resentencing, we need not reach this issue. Moreover, we can not now conclude that a probationary sentence is, necessarily, unreasonable. That determination must await resentencing based upon an appropriate application of the sentencing factors set forth in 18 U.S.C. § 3553(a). We do, however, note that meaningful application of those factors is not satisfied by boilerplate explanations bearing no relationship to the court's actual considerations. Here, for example, the court noted that the sentence that was imposed was based "on various factors [including] Defendant's offense, ... history, characteristics, educational ... needs, [as well as his substantial cooperation with the government in the investigation and prosecution of others ...." App. 12 (second set of brackets in original). However, the defendant never cooperated with the government. Rather, it appears that the court inserted this justification in true boilerplate fashion in the commitment order without regard to its accuracy. That is clearly not an approach to sentencing that is consistent with the obligations imposed under an advisory Guidelines regime that affords review for reasonableness. We are sure that any oversight in properly explaining the reasons for the sentence that will be imposed will be corrected on remand.

---

**2.** The court did not have to impose a sentence within the range determined by the calcula-

tion, but it did have to correctly calculate that range.

763

### III.

For the foregoing reasons, we will remand the sentence imposed in the Judgment and Commitment Order of the district court.