**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4136**

_____

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

STEVEN D. MCCALLISTER,

                Defendant – Appellant.

_____

Appeal from the United States District Court for the Southern
District of West Virginia, at Huntington.  Robert C. Chambers,
District Judge.  (3:08-cr-00120-1)

_____

Submitted:  September 9, 2009        Decided:  October 9, 2009

_____

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

W. Michael Frazier, FRAZIER & OXLEY, L.C., Huntington, West
Virginia, for Appellant.  Charles T. Miller, United States
Attorney, Lisa G. Johnston, Assistant United States Attorney,
Huntington, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven D. McCallister pled guilty without a plea agreement to unlawful possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2006). The district court determined that McCallister falsely told the probation officer that the ammunition belonged to a friend, and maintained that position throughout sentencing, in an attempt to obtain a lower sentence. The court therefore denied McCallister's request for a downward variance and instead imposed a seventy-five-month sentence, a variance above the guideline range of 51-63 months. McCallister appeals his sentence, contending that the district court committed significant procedural error by increasing his sentence without sufficient explanation and failed to consider either the 18 U.S.C. § 3553(a) (2006) factors or the need to avoid sentencing disparity. We affirm.

The ammunition was found in McCallister's car when he was arrested for a parole violation. McCallister's girlfriend, Teddi Rose, testified before the grand jury that she saw the ammunition in the car that day and asked McCallister about it, and that he said he was going to sell it to a friend. In his interview with the probation officer, McCallister stated that the ammunition did not belong to him and that he intended to return it to the owner. At sentencing, McCallister requested a

2

downward variance from the advisory guideline range of 51-63 months to a sentence of probation or a minimal term of imprisonment. During the first sentencing hearing, the district court adopted the presentence report and indicated that it would be inclined to vary below the guideline range if McCallister's disclaimer of ownership were true, but was concerned about the discrepancy between his statement and Rose's testimony. The court continued sentencing to allow the government to produce Rose as a witness and to allow McCallister to cross-examine her. The court warned McCallister that, if it should find that he had "frivolously contested this relevant conduct . . . he could certainly suffer consequences as a result[.]"

After Rose testified at the second sentencing hearing, the court found that her testimony was more credible than McCallister's statement. The court found that McCallister "knowingly attempted to get this court to sentence [him] at a lower range by providing essentially a false story." The court told McCallister that "[i]f someone takes [the] position that you've taken in the proceeding . . . back in December, and again today, and I believe it was falsely done, I think you have earned [an] additional penalty." The court declined to vary downward as McCallister had requested, and instead imposed a variance sentence above the guideline range, noting that the

increase to a seventy-five-month term was the equivalent of a two-level increase in his offense level.

Appellate courts review a sentence for reasonableness, applying an abuse of discretion standard, whether the sentence is inside or outside the guideline range. Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 591 (2007). First, we must "ensure that the district court committed no significant procedural error, such as . . . improperly calculating the Guidelines range." Id. at 597; United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008). Procedural errors also include "failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 128 S. Ct. at 597. Further, a district court must provide an "individualized assessment" based upon the specific facts before it. "That is, the sentencing court must apply the relevant § 3553(a) factors to the specific circumstances of the case before it." Id. at 598. "Such individualized treatment is necessary 'to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 128 S. Ct. at 597-98). In so doing, the district court

4

must "'set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'"  Id. (quoting Rita v. United States, 551 U.S. 338, 356 (2007)).

Only after determining that no significant procedural error occurred will we review the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the [g]uidelines range.'"  United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 128 S. Ct. at 597).

McCallister maintains that the district court procedurally erred by failing to make the necessary findings to support a two-level increase under U.S. Sentencing Guidelines Manual § 3C1.1 (Obstruction of Justice) (2008), without giving him notice of the facts warranting the enhancement and an opportunity to refute them.  The district court was not required to give notice before imposing a variance sentence, as it did, rather than making an adjustment for obstruction of justice. Irizarry v. United States, 128 S. Ct. 2198, 2202-03 (2008) (holding that upward variances do not require Fed. R. Crim. P. 32(h) notice).  Nor would it have been required to give notice before determining that an adjustment applied under the sentencing guidelines.  McCallister also argues that the court failed to make a finding of the elements of perjury to justify

5

the increase under United States v. Dunnigan, 507 U.S. 87, 94-95 (1993). Dunnigan does not apply because the increase was not based on perjured testimony by McCallister, but rather on his false statement to the probation officer.

However, McCallister's conduct did warrant an adjustment for obstruction of justice under § 3C1.1 based on the district court's finding that he knowingly and falsely told the probation officer he did not own the ammunition found in his car and persisted in that falsehood through two sentencing hearings with the intention of obtaining a reduced sentence. Providing materially false information to a probation officer with respect to a presentence report, or to a judge, is conduct covered by USSG § 3C1.1. See USSG § 3C1.1, comment. (n.4(f), (h)). Material information, as used in § 3C1.1, means "information that, if believed, would tend to influence or affect the issue under determination." USSG § 3C1.1, comment. (n.6); United States v. Gormley, 201 F.3d 290, 294-95 (4th Cir. 2000). McCallister's false information was certainly material. The district court explicitly stated that it would have been inclined to vary below the guideline range if, as McCallister maintained, the ammunition in his car did not belong to him and he intended to return it to the owner.

If the defendant engaged in conduct that warrants an adjustment, the sentencing court is obligated to make the adjustment. United States v. Ashers, 968 F.2d 411, 414 (4th Cir. 1992). Because the district court did not give McCallister an adjustment for obstruction of justice after making findings that supported such an adjustment, the court did not properly calculate the guideline range. The court thus committed a significant procedural error. Gall, 128 S. Ct. at 597.

However, the error benefited McCallister. If the court had given McCallister an adjustment for obstruction of justice, it likely would not have given him an adjustment for acceptance of responsibility because Application Note 4 to USSG § 3E1.1 provides that "conduct resulting in an enhancement under § 3C1.1 . . . ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." A two-level increase for obstruction of justice, without a three-level reduction for acceptance of responsibility, would have resulted in a total offense level of 22 and a guideline range of 84-105 months. The government has not raised the error on appeal. Therefore, we are precluded from noticing it. Greenlaw v. United States, 128 S. Ct. 2559 (2008) (holding that, when the government has not appealed or cross-appealed, an appellate

court may not increase a defendant's sentence because of an error that benefited the defendant).

McCallister also contends that the district court erred in not discussing the § 3553(a) factors. The record discloses that the district court did not refer to § 3553(a) at either sentencing hearing. However, we conclude that the court did consider and "apply the relevant § 3553(a) factors to the specific circumstances of the case before it." Carter, 564 F.3d at 328 (quoting Gall, 128 S. Ct. at 598). The reasons articulated by the district court for a given sentence need not be "couched in the precise language of § 3553(a)," so long as the "reasons can be matched to a factor appropriate for consideration . . . and [are] clearly tied [to the defendant's] particular situation." United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007).

Here, the court was most concerned with the nature and circumstances of the offense; that is, McCallister's reason for having ammunition in his car. The court indicated that, if indeed the ammunition had been left there by his friend and he intended to do nothing with it but return it to the owner, then a downward variance might be warranted. On the other hand, if McCallister intended to sell or trade the ammunition, a guideline sentence would be appropriate. Ultimately, when the court decided that McCallister had presented a false story to

the court in an attempt to obtain a lower sentence, the court focused on the characteristics of the defendant, that is, his persistence in attempting to deceive the court, and on the need to provide just punishment for the offense. The court explained that, because McCallister was more than a passive possessor of the ammunition, a downward variance not warranted, and his attempt to deceive the court justified a sentence above the guideline range, as calculated by the court.

The court also specifically considered McCallister's history in connection with his last argument, that the district court refused to consider the lenient sentence imposed on rapper Clifford Harris. McCallister's contention is without merit because McCallister has not established that the rapper was a similarly situated defendant. The court explained to McCallister that he was facing a longer sentence than many defendants convicted of the same offense because of his serious criminal history.

On balance, we conclude that the court did not commit any significant procedural error in explaining its reasons for the sentence chosen. Further, the sentence was substantively reasonable because the upward variance punished McCallister to the same extent that an adjustment for obstruction of justice would have. In fact, as discussed above, in all likelihood the sentence is shorter than it would have been had the court given

McCallister an adjustment for obstruction of justice instead of varying above the guideline range as calculated by the court.

For the reasons discussed, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>